UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN ENTERPRISES COLLISION
CENTER, INC.; JAMES NOBLE,

    Plaintiffs,

vs.                         Case No. 2:09-cv-443-FtM-29SPC

TRAVELERS PROPERTY AND CASUALTY
COMPANY OF AMERICA,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Cause of Action by James Noble, and Motion to Dismiss or, Alternatively, to Strike Claim for "Extra-Contractual" Damages (Doc. #3) filed on July 14, 2009, and its supporting Memorandum (Doc. #7), filed on July 27, 2009. Defendant asserts that the failure to attach the insurance policy to the Petition for Declaratory Judgment (Doc. #2) is fatal under Florida Rules of Civil Procedure; that plaintiff James Noble must be dismissed because he is not the insured under the subject policy; and the request for extra-contractual damages must be dismissed or stricken as an unavailable remedy. Plaintiffs filed their Response (Doc. #12) on July 31, 2009.

**I.**

Plaintiffs filed a Petition for Declaratory Judgment (Petition) asserting that defendant issued a commercial liability insurance policy providing benefits for the plaintiffs, but that

plaintiffs do not have a copy of the policy. Plaintiffs further allege that the insurance policy obligated defendant to pay them benefits for loss of property and loss of business, and that equipment necessary for the daily operation of the business was stolen causing plaintiffs damages for loss of property and loss of business. The Petition states that the policy was in full force and effect, but that defendant has refused to fulfill its contractual obligations owed to plaintiffs by denying benefits under the policy. The Petition further asserts that plaintiffs do not know there rights under the policy, but seek a declaration of whether defendant is legally obligated to pay benefits to plaintiffs. Plaintiffs also seek costs, fees, attorney's fees, prejudgment interest, and extra-contractual damages under FLA. STAT. §§ 527.428 and 57.105.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir.

2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

**A.**

Defendant argues that the Petition must be dismissed because it failed to attach the policy of insurance. "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). Whether the insurance policy must be attached to a complaint is a matter of procedure, and is therefore governed by federal law. Federal Rule of Civil Procedure 10(c) allows the attachment of a written instrument, but does not require such an attachment. The court may consider such an a written instrument whether it is physically attached to the complaint or not.

> In Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. Id. Our prior decisions also make clear that <u>a document need not be physically attached to a pleading to be incorporated by reference into it</u>; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in Horsley.

Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (emphasis added)(citations omitted). Therefore, the failure to attach the policy to the Petition is not fatal, and the motion to dismiss on this ground will be denied.

**B.**

Defendant also asserts that plaintiff James Noble must be dismissed with prejudice because the Petition fails to state any facts demonstrating he is an insured under the policy. Neither side has submitted the complete copy of the policy, and the Court is unwilling to rely upon the partial portions filed by defendant. The Petition alleges that defendant issued a "policy providing benefits for the plaintiffs" (Doc. #2, ¶ 4)(emphasis added), and the Court is required to accept this fact as true at this stage of the proceedings in the absence of a complete policy demonstrating the contrary. The motion to dismiss Noble will be denied.

**C.**

Defendant argues that plaintiffs are not entitled to "extra-contractual damages" unless the cause of action is for bad faith under Florida Statute Section 624.155. Plaintiffs cite to Fla. Stat. §§ 627.428 and 57.105, and common law, in support of the request for extra-contractual damages. The Court finds no support for such damages in this declaratory judgment case.

Under Florida Statute Section 627.428, the court may award attorney's fees if a judgment is entered against an insurer. Under Florida Statute Section 57.105, attorney's fees are payable to a prevailing party, half by the losing party and half by the losing party's attorney, where the claim or defense was unsupported by material facts or would not be supported by the law. Essentially,

attorney's fees are to be paid if there was bad faith by the losing party. Neither Statute contemplates "extra-contractual damages" and plaintiffs do not allege bad faith for attorney's fees under Section 57.105.

Generally, extra-contractual damages are only available where there is a claim of bad faith under FLA. STAT. § 624.155. See Progressive Express Ins. Co. v. Scoma, 975 So. 2d 461, 465 (Fla. 2d DCA 2007); Talat Enters., Inc. v. Aetna Cas. & Sur. Co., 217 F.3d 1318, 1319 (11th Cir. 2000). Nowhere in the Petition is there a reference to this Statute or to defendant's bad faith. Therefore the motion to dismiss will be granted with respect to the request for fees under FLA. STAT. § 57.105, and the request for extra-contractual damages.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Cause of Action by James Noble, and Motion to Dismiss or, Alternatively, to Strike Claim for "Extra-Contractual" Damages (Doc. #3) is **GRANTED IN PART AND DENIED IN PART.** The motion to dismiss is granted as to the request for fees under FLA. STAT. § 57.105 and the request for extra-contractual damages, and these requests in § 12(b) are **STRICKEN**. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2010.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record